## BELVEDERE DEVELOPMENT CO. v. CENTRAL AND SOUTHERN FLORIDA FLOOD CONTROL DISTRICT, et al.

Circuit Court, Palm Beach County.

October 18, 1954.

Blakeslee & Herring, West Palm Beach, for plaintiff.

Robert D. Tylander and Hugh MacMillan, both of West Palm Beach, for defendants.

JOSEPH S. WHITE, Circuit Judge.

This cause was heard after due notice on defendants' motion to dismiss the amended complaint.

As this suit is understood, plaintiff's lands are low, and during rainy seasons have been subject to flood conditions as long as the West Palm Beach Canal has been in existence. The canal as now maintained, did not create the condition. It is a natural one. Before the canal was dug, the condition in question was worse.

No complaint was made down through the years about the maintenance of the canal because the lands in question were far from inhabited areas, and were undesirable. Now nearby communities have grown and expanded to make them suitable for suburban development. Drainage is now important, and the owner seeks to have defendants enlarge their drainage facilities to discharge greater quantities of water and relieve the condition on plaintiff's lands.

It is the view of the court that under the circumstances, judicial relief is not available to plaintiff, because there is no positive legal duty on defendants' part to maintain their facilities so as to drain any particular parcel of land. The averments of paragraph V[1] of the amended complaint are not accurate from a legal standpoint. The duty to change the method of maintaining the canal is a discretionary one resting entirely with those charged with the administration of the drainage district, and plaintiff's remedy is with them.

It is ordered and decreed that the action is dismissed, with court costs assessed against the plaintiff.

---

[1]Defendants, their officers and agents, by reason of the constitution of the United States and the constitution of the state of Florida and other laws and court decisions, are obligated and duty bound in the performance of their duties as public officers and as individuals to protect the lands of plaintiff from the effects of water resulting from its surplus or overflow and to protect said lands in such a way as to cause such lands to be conducive to the public health, welfare, safety and utility of said lands; and defendants, their officers and agents, are specifically obligated and duty bound to protect against and prevent the needless and unnecessary flooding of plaintiff's lands, and to make full and just compensation according to due process of law for any damage or taking resulting from intentional or careless, needless and unnecessary flooding of plaintiff's lands.